

IT IS ORDERED

Date Entered on Docket: September 11, 2017

_____
**The Honorable Robert H Jacobvitz**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN RE: § | |
| § | |
| TIMOTHY HICKMAN § | CASE NO. 17-12023-j7 |
| § | |
| and § | |
| § | |
| LESLIE HICKMAN § | |
| § | |
| Debtor. § | |

### DEFAULT ORDER GRANTING 21ST MORTGAGE CORPORATION'S MOTION FOR RELIEF FROM STAY AND ABANDONMENT OF 1997 MANUFACTURED HOME

This matter came before the Court on the Motion for Relief from Stay and to Abandon a 1997 Manufactured Home filed on August 8, 2017 ( Docket No.10) (the "Motion") by 21st Mortgage Corporation ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a) On August 8, 2017 Movant served the Motion and a Notice of the Motion (the "Notice") on Debtor, by U. S. First Class Mail as listed on creditor matrix and the Debtor's attorney and case trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on all parties listed on the Debtor's creditor matrix by U. S. First Class Mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the following:1997 Patriot Manufactured Home, Serial Number 1PTX4715TX , (the "Property");

(c) The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on September 5, 2017;

(f) As of September 6, 2017 neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g) The Motion is well taken and should be granted as provided herein; and

(h) By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that, on September 6, 2017 she searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

(a) To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtors or the Property, or both, in any court of competent jurisdiction; and

(b) To exercise any other right or remedy available to them under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Movant need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, although the Debtor can be named as a defendant in litigation to obtain an in rem judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

4. This Order does not waive Movant's claim against the estate for any deficiency owed by the Debtors after any foreclosure sale or other disposition of the Property. Movant may filed an amended proof of claim in this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtors owe any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

*** END OF ORDER ***

**Submitted by:**

By: */s/ Susan P. Crawford*
Susan P. Crawford

CRADDOCK DAVIS & KRAUSE LLP
210 Montezuma Ave. Suite 200
Santa Fe, NM 87501
(505) 820-3368
(214) 336-6430 Direct
(214) 750-3551 (Fax)

ATTORNEYS FOR
21ST MORTGAGE CORPORATION

**Copies to:**

**Debtors**
Timothy and Leslie Hickman
836 Palo Duro
Bernalillo, NM 87004

**Trustee**
Edward Alexander Mazel
Askew & Mazel LLC
1122 Central Ave. S.W., Suite 1
Albuquerque, NM 87102

**Counsel for Debtor**
Christopher M. Gatton
Giddens, Gatton & Jacobus P.C.
10400 Academy Rd. #350
Albuquerque, NM 87111

**US Trustee**
United States Trustee
PO Box 608
Albuquerque, NM 87103

**Party Requesting Notice**
Synchrony Bank
c/o PRA Receivables Management LLC
PO Box 41021
Norfolk, VA 23541